# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOME RATERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 6961 |
| v. ) | |
| ) | Judge John W. Darrah |
| THEODORE BLUMENTHAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Home Raters, Inc., filed suit against Defendant, Theodore Blumenthal, alleging copyright infringement. On February 24, 2005, the Court entered judgment against the Defendant in the amount of $1,000.00 based on Plaintiff's Acceptance of Defendant's Federal Rule of Civil Procedure 68 Offer of Judgment. The issue of Plaintiff's entitlement to costs, including attorney's fees, was continued. On April 11, 2005, the Court ruled that Plaintiff was entitled to reasonable costs, including attorney's fees. Presently pending before the Court is Plaintiff's Bill of Costs.

Plaintiff seeks $185.00 in filing, service of summons, and subpoena fees. These fees are reasonable and are awarded.

Plaintiff seeks $30.00 in messenger fees. Messenger fees are generally considered part of overhead and are generally not recoverable. *See Bass v. Zeta Consumer Prod.*, 1999 WL 1129603 (N.D. Ill. Dec. 3, 1999); *In re Abbott Laboratories Omniflox Prod. Liability Litig.*, 1997 WL 162891 (N.D. Ill. March 26, 1997). Accordingly, the $30.00 for messenger fees is not recoverable.

Lastly, Plaintiff seeks $7,000.00 in attorney's fees, including $27.00 in paralegal fees. Defendant objects to the amount of the fees, arguing that he cannot review the reasonableness of the fees because Defendant provided a redacted description of the requested fees. Plaintiff provided a

redacted copy in light of an ongoing case in state court between the parties and provided a non-redacted copy to the Court for *in camera* inspection. Defendant also objects to the amount of requested fees in light of the limited amount of recovery.

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Hensley*). The starting point for determining the amount of reasonable fees is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. This product is commonly referred to as the "lodestar." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (*Spegon*). The court may then decrease or increase the lodestar amount by considering a variety of factors, the most important of which is the "degree of success obtained." *See Hensley*, 461 U.S. at 434-36.

Plaintiff's attorney seeks payment for 23.6 hours of service and 0.2 hours of work for a paralegal. The requested fees include work prior to the filing of the Complaint, preparing the Complaint, court appearances, and negotiations to settle the case. Defendant contends that time spent was unreasonable because a simple cease and desist letter would have resolved the case. However, Plaintiff's Complaint alleges that Defendant was a previous employee of Plaintiff, that Plaintiff began operating a directly competitive business, and that Plaintiff was wrongfully using Plaintiff's copyrighted work in his business. While the Complaint alleged one claim of copyright infringement, other claims may have materialized following discovery. Based on these allegations, it cannot be concluded that Plaintiff's claim could have been resolved without filing a lawsuit and simply negotiating a settlement. *Cf. Spegon*, 175 F.3d at 551 (reducing number of hours awarded

based on court's acceptance of unchallenged representation that claim could have been resolved without filing suit and simply negotiating a settlement).

After determining the reasonably expended hours, a court must determine a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Counsel seeking fees has the burden of proving the market rate. Once counsel establishes his or her rate, the burden shifts to the opposing party to demonstrate why the rate should be lower. *Spegon*, 175 F.3d at 554.

An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work. *Spegon*, 175 F.3d at 555. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate. If this cannot be determined, the next best evidence of counsel's market rate is evidence of rates that similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards that attorneys have received in similar cases. *Spegon*, 175 F.3d at 555.

Plaintiff's attorney seeks an hourly rate of $295.00 per hour, and the paralegal seeks $135.00 hour. In support of the attorney's requested rate, Plaintiff has attached the American Intellectual Property Law Association Economic Survey 2003, showing that the requested rate of $295.00 is the median amount for all attorneys in intellectual property in the Chicago area and is low for a partner. Defendant has not presented any evidence disputing the requested hourly rates. The requested rates are reasonable.

Following the lodestar determination, a court may adjust the award in light of plaintiff's "level of success." *Spegon*, 175 F.3d at 557 (citations omitted). In a case involving a single claim

or related claims, a court must ask whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. In doing so, a court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. If the plaintiff has achieved only partial or limited success, the lodestar may be an excessive amount. In such a case, the court, in its discretion, may reduce the modified lodestar amount to reflect the degree of success obtained. *Hensley*, 461 U.S. at 436-37.

In the instant case, Plaintiff alleged one count of copyright infringement and did not seek a specified amount of damages because it was unable to ascertain the full extent of the monetary damages at the time the Complaint was filed. Plaintiff sought statutory damages, increased damages for willful infringement and attorney's fees and costs. The settlement reached between Plaintiff and Defendant was $1,000.00 and reasonable attorney's fees.

The $1,000.00 recovered by Plaintiff represents limited success in relation to the hours expended on the litigation. Plaintiff spent seven times the amount he ultimately accepted to settle his claim. In light of the limited success of Plaintiff's claim, a reduction of the lodestar by fifty percent is appropriate. *See Spegon*, 175 F.3d at 558-59 (reduction of lodestar by fifty percent was not an abuse of discretion in light of limited success of the lawsuit). Accordingly, Plaintiff is awarded $3,500.00 in attorney's fees.

For the foregoing reasons, Plaintiff's Bill of Costs is granted in part and denied in part. Plaintiff is awarded $3,685.00 in fees and costs.

Dated: August 22, 2005

JOHN W. DARRAH
United States District Judge

4